## ARTIE SMITH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—852.]

**Jeopardy in Criminal Case.**

> Where there is no connection in a criminal case, but it is shown that during the trial by reason of the sickness of a witness the court at the instance of commonwealth discharged the jury against the objection of the defendant and continued the cause, the court of appeals can not entertain an appeal, for an appeal can only be taken from a final judgment.

### APPEAL FROM DAVIESS CIRCUIT COURT.

April 22, 1884.

OPINION BY JUDGE HARGIS:

The trial was begun and most of the commonwealth's witnesses had testified when the court at the instance of the appellee discharged the jury against appellant's objection and discontinued the case on account of the alleged sickness of a witness. Thereupon the appellant claiming to have been placed in legal jeopardy moved the court to discharge her from custody, which was refused and she took the appeal. The question which she seeks to raise and have adjudicated can not now be considered because there has been no verdict and judgment in the case and for aught we know there may never be a conviction of the appellant. Criminal Code 1876, § 335, provides that "An appeal shall only be taken on a final judgment." The only exception to this clause of the section is in cases where the appeal is taken on behalf of the commonwealth. There is no room for construction of the quoted provision of the code. In all cases other than appeals on behalf of the commonwealth a judgment of conviction must have been rendered against or affecting the appellant's rights before the court can entertain the appeal. See *Smith v. Commonwealth,* 11 Ky. Opin. 774.

The appeal, being premature, is therefore *dismissed.*

*Haycraft & Slack, for appellant.*

*P. W. Hardin, for appellee.*